IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARON JOHN BADILLO, | No. C 07-2477 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| vs. | |
| JAMES A. YATES, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. It was filed in the United States Court of Appeals for the Ninth Circuit, which transferred it here. Petitioner has paid the filing fee. Venue is proper in this district because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

Petitioner was convicted of failure to register as a sex offender. *See* Cal. Penal Code § 290(f)(1). With an enhancement for two prior strikes, he was sentenced to prison from twenty-five years to life.

**DISCUSSION**

*A. Standard of Review*

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A habeas petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." *See* Rule 4, Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

*B. Legal Claims*

The petition is on a form. In the area for setting out the petitioner's grounds for habeas relief, petitioner has written as to ground one "[s]ame as to rule one;" as to ground two, "same as to rule two," and "same as to rule three" for a third ground. There is no explanation what he means by this. His appellate brief on direct appeal is attached, but the petition contains no attempt to incorporate the issues presented there by reference, and the brief contains four issues, not three. Although it does seem likely that petitioner was attempting to refer to his appellate brief, the Court cannot be certain of that. In order to protect petitioner's rights, he will be allowed to file an amended petition explaining what issues he wishes to present.

**CONCLUSION**

1. The petition is **DISMISSED** with leave to amend within thirty days from the date of this order. The amendment must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Petitioner need not again attach the petition for review. Failure to amend on time will result in the dismissal of the case.

2. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 15, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\BADILLO477.DWL